*BUISSON* vs. *THOMPSON.*

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court.

The wife must, against creditors produce other proof of the payment of the *dot*, than the husband's confession in the marriage contract.

The plaintiff seeks to enforce on her husband's vendee, a legal mortgage for the recovery of her dotal rights. The latter obtained an injunction. There was a judgment of nonsuit and she appealed.

Her counsel contends, that

The appellant's marriage contract being duly recorded, she has a legal mortgage. *Old Civil Code* 454, *art.* 17, *Civ. Co.* 3287. The defendant's right being posterior to the record of the contract, cannot contest the mortgage, nor the grounds, in consideration of which it results.

The appellee contends that the plaintiff ought to have proved the payment of the *dot,* and her contract forms no proof against third parties.

By the marriage contract, the wife constitutes to herself and brings in marriage, a dot of $2100, consisting of $1500 the value of her clothes, jewels, plate and furniture, and $600 in cash, the produce of her economy and savings. The husband declares he well knows

all these these things, and declares that on the celebration of the marriage, he will *ipso facto* be possessed of the the dot, and be accountable for its value as stated.

Febrero says that the real dot is constituted not by writing, but by numeration. *Lo que constituye la verdadera dote es su numeracion no la escritura. Doti numeratio, non scriptum dotalis instrumenti facit. Ideo non ignoras demum te ad petitionem doti admitti posse, si dotem a te re ipsa datam probatura est.* Febrero —*Nada aprovechara la (muger) la confesion: y por consiguiente necesitara probar su numeracion y entrega. lib, 3. cap. 3. § 2. no. 138. El privilegia de la dote verdadera no se estiende a la putativa.*

When the wife proceeds against her husband, or his heirs, or hers against him, slight proof will suffice, says Febrero, but when she concurs with his creditors and insists on a privilege over them, the proof must be conclusive : es indispensable que las pruebas sean concluyentes, *id, n.* 136.

The appellant's counsel has not produced any authority in support of his position, that creditors, who became so after the marriage,

BUISSON
*vs.*
THOMPSON.

are bound by the husband's confession, and we have not discovered any.

The wife having administered no other proof of the payment of the dot, than the husband's confession in the contract of marriage, we conclude that the Parish Judge correctly disallowed her pretension.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Chapotin* for the plaintiff—*Pierce* for the defendant.